IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN LEE,                                    )
                                             )
                    Petitioner,              )      Civil Action No. 1:19-cv-334
                                             )
        v.                                   )
                                             )      Magistrate Judge Patricia L. Dodge
MR. BARRY R. SMITH and                       )
PENNSYLVANIA BOARD OF                        )
PROBATION AND PAROLE,                        )
                                             )
                    Respondents.             )

## MEMORANDUM

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 4) filed by state prisoner John Lee ("Petitioner"). He challenges the decisions of the Pennsylvania Board of Probation and Parole ("Board") about whether to release him to parole. For the reasons set forth below, the Court will deny the Petition and deny a certificate of appealability.

## I.      Background

On February 13, 2012, Petitioner appeared before the Court of Common Pleas of McKean County and pleaded guilty to: (1) Involuntary Deviate Sexual Intercourse With a Child, in violation of 18 PA. CONS. STAT. ANN. § 3123(b); (2) Indecent Assault, Victim Less Than 13, in violation of 18 PA. CONS. STAT. ANN. § 3126(a); and (3) Aggravated Indecent Assault, Victim Less than 13, in violation of 18 PA. CONS. STAT. ANN. § 3125(a)(7).[2] The court imposed a total aggregate

---

[1]In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]These are not Petitioner's only criminal convictions. In 1983, the Court of Common Pleas of McKean County sentenced him to a term of seven to 14 years of incarceration on a conviction of third-degree murder. In 2010, he was sentenced in this Court to a term of 32 months of *Footnote continue on next page…*

sentence of 10 to 20 years of imprisonment, to be followed by four years of probation. It also determined that Petitioner was a Sexually Violent Predator and, therefore, subject to the provisions of Megan's Law.

Petitioner's term of imprisonment will expire on or around July 4, 2028. He was first eligible to be considered for parole in 2018. On March 22, 2018 the Board issued a decision notifying him that it denied him parole. (Resp's Ex. 5, ECF No. 15-1 at 28-29).

Petitioner was evaluated for parole again the following year, in or around March 2019. He was granted parole in a decision dated April 1, 2019. (Resp's Ex. 6, ECF No. 15-1 at 31-33). Before Petitioner was released on parole, however, that decision was rescinded "due to the receipt of new information." (Resp's Ex. 8, ECF No. 15-1 at 44).

Petitioner was reconsidered for parole in the fall of 2019. The Board denied him parole in a decision dated October 29, 2019. (Resp's Ex. 9, ECF No. 15-1 at 46). It explained that "following an interview with [Petitioner] and a review of [his] file, and having considered all matters required" it had determined that he would pose a risk to the community if he was released to parole. (*Id.*) The Board cited reports and evaluations of Petitioner, as well as his "risk and needs assessment," to support its determination. (*Id.*) The Board further explained that Petitioner's "instant offense and history of serious crime warrants a longer period of stable adjustment." (*Id.*)

The Board advised Petitioner that he would be considered for parole again "in or after March, 2020." (*Id.*) Neither party has notified the Court that this parole review has occurred.

In his Petition for a Writ of Habeas Corpus (ECF No. 4), Petitioner claims that the Board's decision to deny him parole violated his substantive due process rights and amounts to cruel and

---

imprisonment for violating 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor).

unusual punishment in violation of the Eighth Amendment. Respondents filed their Answer on February 24, 2020. (ECF Nos. 15, 16). Petitioner did not file a Reply. *See* Local Rule 2254.E.2 (a petitioner may file a reply within 30 days of the date the respondent files its answer).

## II.   Discussion

### A.   Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, which is the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution...of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *Id.*; *see, e.g., Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

### B.   The Exhaustion Requirement

State prisoners typically must "exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In 2005, in *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id.* at 445. Therefore, it held, a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement with respect to all other types of constitutional claims. *Id.* The continuing validity of *Defoy* has been called into question, *see, e.g.,* Report and Recommendation in *Bradley v. Wingard, et al.*, No. 3:15-cv-235, slip op. at 3-4 (W.D. Pa. Oct. 12, 2017) (Pesto, Mag. J), adopted as the opinion of the Court by Memorandum Order (W.D. Pa. Sept. 5, 2018) (Gibson, J), and Respondents contend that Petitioner's claims should be denied

3

because he failed to exhaust them. However, because his claims have no merit and it is more efficient for the Court to deny them for that reason, the Court will not address the issue of exhaustion. *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012) (a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits").

## C.     Petitioner's Claims Have No Merit

Petitioner has no right to parole under state law. *See, e.g., Hudson v. Pennsylvania Bd. of Prob. and Parole*, 204 A.3d 392, 395 (Pa. 2019). Whether to grant him parole is a decision left to the sole discretion of the Board. 61 PA. CONS. STAT. ANN. §§ 6135, 6137; *see, e.g., Homa v. Pennsylvania Bd. of Prob. and Parole*, 192 A.3d 329, 334 (Pa. Commw. Ct. 2018). In exercising its discretion, the Board is required to consider factors such as the nature and circumstances of the offenses Petitioner committed, his general character and background, his conduct while in prison, his physical, mental and behavioral condition, and his complete criminal record. *Id.*, § 6135(a). The reasons listed by the Board in its October 29, 2019 decision reflect that it considered those factors. Petitioner claims, however, that the Board's decision violated his substantive due process rights because it was arbitrary and capricious.[3]

---

[3]Petitioner has no liberty interest in parole, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S 1, 7 (1979), and he does not claim that the Board violated his procedural due process rights when it rescinded his parole. *See also Jago v. Van Curen*, 454 U.S 14 (1981) (a parole board need not provide an inmate with the procedural due process rights of a hearing and counsel prior to rescinding a parole order whether the offender had not yet been released from prison); *Fantone v.Latini*, 780 F.3d 184, 190 (3d Cir. 2015) ("Pennsylvania law provides that the Parole Board may at any time rescind an order granting parole until it is 'executed'—*i.e.*, the inmate is released on parole.") (citing *Johnson v. Commonwealth*, 532 A.2d 50, 52 (Pa. Commw. Ct. 1987)); *Stephens v. Chairman of Pennsylvania Bd. of Prob. and Parole*, 173 F. App'x 963, 966 (3d Cir. 2006) ("Because the Board's order [granting inmate parole] was not executed, [inmate] did not have a liberty interest in his release, and his procedural due process claim is without merit.")

The Fourteenth Amendment's Due Process Clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (internal quotation and citations omitted); *see also Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980) ("Even if a state statute does not give rise to a liberty interest in parole release…, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."). "Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." *Id.* (internal quotations and citations omitted); *see also Hunterson v. DiSabato*, 308 F.3d 236, 248 (3d Cir. 2002) ("when an executive action is at issue, only the most egregious conduct will be considered arbitrary in the constitutional sense."). "As a general matter, it is governmental conduct intended to injure that is most likely to rise to the conscience-shocking level." *Evans v. Sec'y Pennsylvania Dept. of Corr.*, 645 F.3d 650, 660 (3d Cir. 2011) (internal citations and quotations omitted).

The Court of Appeals has explained that it would be arbitrary and capricious for the Board to base its decision on a reason that has no "rational relationship to the purpose of parole[,]" such as the "color of one's eyes, the school one attended, or the style of one's clothing." *Block*, 631 F.2d at 236 n.2. It has further held that it "would violate due process if [a parole board] bases a decision on constitutionally impermissible criteria such as race, religion, or the exercise of free speech rights." *Id.* at 237; *see also Newman*, 617 F.3d at 784.

Petitioner has not met his burden of demonstrating that the Board's determination to rescind its April 1, 2019 decision and subsequently deny him parole was arbitrary and capricious. The Court is not evaluating whether the Board made the correct decision, and it is "not authorized

to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001). Here, there was "some basis" for the Board's decision, and its decision does not shock the conscience. Accordingly, there can be no finding that Petitioner is in custody in violation of his substantive due process rights.

Petitioner's Eighth Amendment claim also has no merit. He has no right to be released before the expiration of his valid prison sentence on or around July 4, 2028, *Greenholtz*, 442 U.S. at 7, and the Board's decision to deny him release to parole cannot amount to cruel and unusual punishment. *See Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment *beyond* one's term constitutes punishment within the meaning of the Eighth Amendment).

**D.      Certificate of Appealability**

A state prisoner may not appeal a district court's order denying habeas relief "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the Court's decision that Petitioner's claims have no merit to be debatable or wrong. Therefore, the Court will deny a certificate of appealability.

### III.   Conclusion

Based upon all of the forgoing, the Court concludes that Petitioner has not satisfied his burden of demonstrating that he is in custody in violation of his constitutional rights. The Court will deny his Petition and it will deny a certificate of appealability.

An appropriate Order follows.

Date:  April 20, 2020
                                         PATRICIA L. DODGE
                                         United States Magistrate Judge